**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-7863**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

FRANK BAILEY,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Richard D. Bennett, District Judge. (1:07-cr-00559-RDB-1)

———————

Submitted:  January 14, 2016     Decided:  February 16, 2016

———————

Before KING, GREGORY, and WYNN, Circuit Judges.

———————

Dismissed and remanded by unpublished per curiam opinion.

———————

John J. Korzen, Director, Lauren D. Emery, Joseph B. Greener, Third-Year Law Students, Appellate Advocacy Clinic, WAKE FOREST UNIVERSITY SCHOOL OF LAW, Winston-Salem, North Carolina, for Appellant.  Rod J. Rosenstein, United States Attorney, Michael C. Hanlon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frank Bailey seeks to appeal the district court's January 17, 2013, order dismissing his 28 U.S.C. § 2255 motion. On January 22, 2013, five days after the dismissal of his § 2255 motion, Bailey wrote the district court. The January 22 letter, construed liberally and in a manner consistent with the views of both Bailey and the government, is properly characterized as a motion to alter, amend, or otherwise seek relief from the district court's dismissal of the § 2255 motion.[1] Because the district court has not yet ruled on the pending January 22 motion, Bailey's October 29, 2013, letter to the Clerk of this Court, which was construed as a notice of appeal, is premature and has no effect. See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 61 (1982).

We therefore dismiss the appeal as premature and remand the case to the district court so that it may rule upon the January 22 motion. See, e.g., United States v. Rowe, 872 F.2d 420 (4th Cir. 1989) (unpublished table decision). Should the district

---

[1] Bailey's appointed appellate counsel asserts that the January 22 motion is a motion under either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, while the government asserts that the motion should be construed as a motion under Rule 59. See Appellant's Br. at 1; Appellee's Br. at 9 n.1. We need not decide whether the motion falls under Rule 59 or Rule 60 at this juncture, however, because either construction would lead us to the same result. See Fed. R. App. P. 4(a)(4)(A).

court rule adversely on the January 22 motion, Bailey may at that time file a timely notice of appeal from the court's dismissal of the § 2255 motion, the denial of the January 22 motion, or both.[2]  See Cooper v. Astrue, 480 F. App'x 724, 724 (4th Cir. 2012).

DISMISSED AND REMANDED

---

[2] We suggest that the district court consider appointing counsel for Bailey, to assist his handling of the January 22 motion proceedings and to place this matter in a proper procedural posture.  See 18 U.S.C. § 3006A(a)(2)(B).